UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARBARA YVONNE HAYES and  06-CV-0528E(Sr)
BARBARA YVONNE HAYES ON BEHALF OF
  HER SON HARRY HAYES,

            Plaintiffs,

    -vs-

WILLIAMSVILLE CENTRAL SCHOOL
  DISTRICT,

            Defendant.

---

BARBARA YVONNE HAYES and  06-CV-0770E(Sr)
BARBARA YVONNE HAYES ON BEHALF OF
  HER SON HARRY HAYES,

            Plaintiffs,

    -vs-

WILLIAMSVILLE CENTRAL SCHOOL
  DISTRICT,
NEW YORK STATE EDUCATION
  DEPARTMENT and
UNITED STATES DEPARTMENT OF HEALTH
  AND HUMAN SERVICES OFFICE FOR CIVIL
  RIGHTS REGION II,

            Defendants.

---

**MEMORANDUM and ORDER**[1]

---

[1] This decision may be cited in whole or in any part.

INTRODUCTION

Plaintiff BarBara Yvonne Hayes (Ms. Hayes) filed the instant[2] Amended Complaint *pro se* on behalf of herself and her son, Harry Hayes, alleging violations of 20 U.S.C. §1400 *et seq*. (Individuals with Disabilities Education Act ("IDEA"[3])), 29 U.S.C. §794 (§504(a) of the Rehabilitation Act), 42 U.S.C. §12101 *et seq*. (Americans with Disabilities Act ("ADA")), 20 U.S.C. §1232g (Family Educational Rights and Privacy Act ("FERPA")), 42 U.S.C. §1983 ("§1983") and Title VI of the Civil Rights Act (42 U.S.C. §2000d — hereinafter referred to a "Title VI") against the Williamsville School District ("the District"), the New York State Education Department ("the Education Department") and the United States Department of Health and Human Services Office for Civil Rights Region II ("the U.S. Civil Rights Office").[4]  The Education Department has filed a Motion for a More Definite

---

[2] Plaintiffs have two related cases pending before the Court. Unless otherwise stated, most references herein refer to matters in case no. 06-CV-0770E(Sr). Those matters that relate to case no. 06-CV-0528E(Sr) are specifically referenced as such or as "the companion case."

[3] Also sometimes referred to as the Education of the Handicapped Act, or EHA.

[4] This description of claims is gleaned from the 'opening salvo' of the Amended Complaint where it states the following:
"5. STATEMENT OF THE CLAIM
AS AND FOR FIRST THROUGH SIXTH CAUSES OF ACTION ALLEGING RETALIATION, COERCION, INTIMIDATION, THREATS AND INTERFERENCE AGAINST PLAINTIFFS WHILE PLAINTIFF BH [BarBara Hayes] ENGAGED IN THE PROTECTED ACTIVITY OF ADVOCACY FOR PLAINTIFF HH [Harry Hayes] IN VIOLATION OF IDEA (FIRST CAUSE), SECTION 504 (SECOND CAUSE), ADA (THIRD CAUSE, FERPA (FOURTH CAUSE), 42 USC SECTION 1983 (FIFTH CAUSE) AND TITLE VI OF THE CIVIL RIGHTS ACT (SIXTH CAUSE)"
There is no further delineation of the claims or the defendants to whom those claims relate. The remainder of the Amended Complaint consists of 95 numbered paragraphs, many of which contain multiple sub-paragraphs and actually amount to some 187 paragraphs of allegations.

Statement and/or to Dismiss (Dkt. #8) and the District has filed a Motion to Dismiss (Dkt. #7). The parties have filed their respective Responses and Replies, oral argument was held on June 1, 2007 and the motions are now before the Court for decision. Having fully reviewed the submissions of the parties and carefully considered the matter before it, the Court issues the following decision regarding the above motions and various other motions pending in both cases. (See fn.2 herein).

## **DISCUSSION**

*The Education Department's Motion*

The Education Department moves for dismissal, primarily on two grounds: (1) the Court lacks jurisdiction over the claims filed against it pursuant to the Eleventh Amendment to the United States Constitution, and (2) any IDEA claims against it are untimely. In its motion for a more definite statement the Education Department argues that the Amended Complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (FRCvP).

The gravamen of the claims against the Education Department herein are that it "errorred [*sic*] in many of its findings regarding complaints", hearings and appeals Ms. Hayes filed against the District and also that it "continuously errored [*sic*] in the handling" of these complaints, hearings and appeals due to "bias and incompetence" of the hearing officers [5]. The Amended Complaint seeks monetary

---

[5] See Dkt. #2, part 2 (Amended Complaint), paragraphs 44 - 66.

relief from this defendant (*i.e.*, $600,000 on each cause of action) and an Order revoking the individual hearing officers' certificates forever.[6] Notwithstanding this certificate revocation request, this is not a claim for injunctive relief because it does not seek prospective relief to remedy an ongoing violation of federal law but rather seeks money and other punitive action from the state to punish the hearing officers for their past allegedly improper behavior. *See generally Davis* v. *New York*, 316 F.3d 93, 102 (2d Cir. 2002) *(citing Kostok* v. *Thomas*, 105 F.3d 65, 69 (2d Cir.1997)("A federal court may grant prospective injunctive relief only to stop or prevent acts that are illegal under federal law.")).

The Court agrees with the defendant Education Department that the Amended Complaint is very difficult to decipher and does not indicate which cause of action is asserted against which defendant.[7] However, for purposes of

---

[6] The Court notes that none of the individual hearing officers have been sued herein. Even if they had, based on the allegations the Court would find that any such suit would have been brought against them in their official capacities and, as such, they would likewise be subject to Eleventh Amendment considerations. *See Davis* v. *New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Ying Jing Gan* v. *City of New York,* 996 F.2d 522, 529 (2d Cir.1993); *Farid* v. *Smith*, 850 F.2d 917, 921 (2d Cir.1988); *see, e.g., Hafer v. Melo*, 502 U.S. 21, 27 (1991) (with respect to any claims brought pursuant to §1983, just as states and state agencies are not "persons" under that statute, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them.); *accord Minotti* v. *Lensink*, 798 F.2d 607, 609 (2d Cir. 1986)("when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."); *McGuire* v. *Switzer*, 734 F. Supp. 99, 107 (S.D.N.Y. 1990)(citing *Minotti*).

[7] The Amended Complaint alleges, *inter alia,* discrimination and retaliation and consists of 95 paragraphs, many of which contain multiple sub-paragraphs which actually amount to some 187 paragraphs of allegations. Generally, the second half of the Amended Complaint relates to the State Education Department's handling of the complaints Ms. Hayes' filed with it against the School District.

the motion to dismiss on Eleventh Amendment grounds, the Court will construe the Amended Complaint to assume that each cause of action as asserted therein was asserted against the Education Department.  Other problems presented by the unartful and inarticulate drafting of the Amended Complaint will be addressed, *infra.*

*a. The Motion to Dismiss*

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S.C.A. Const. Amend. XI.

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity.  *Will* v. *Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital* v. *Halderman*, 465 U.S. 89, 98-100 (1984).  A state agency or department such as the Education Department is "[a]n official arm of the state" that "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."  *Posr* v. *Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999); *see also Pennhurst, supra* at 100; *Kentucky* v. *Graham*, 473 U.S. 159, 166 (1985)*; Santiago* v. *New York State Dep't of Corr. Servs.,* 945 F.2d 25, 28 n. 1 (2d

Cir.1991). In other words, this Eleventh Amendment immunity from suit extends to the defendant Education Department.

There is both instructive and persuasive authority specifically applying Eleventh Amendment immunity to the types of claims filed by plaintiffs herein. *See, e.g., Quern* v. *Jordan*, 440 U.S. 332, 343 - 344 (1979)(§1983 claim)[8]; *Edelman* v. *Jordan*, 415 U.S., 651, 664 (1974)(§1983 claim); *University of Alabama* v. *Garrett,* 531 U.S. 356 (2001)(ADA claim)[9]; *Carten* v. *Kent State Univ.,* 282 F.3d 391 (6th Cir.2002)(ADA claim); *Cowan* v. *University of Louisville School of Medicine*, 900 F.2d 936, 941(6th Cir. 1990)(FERPA claim)[10]. Therefore, to the extent that plaintiffs attempt to interpose claims against the Education Department for violations of §1983, the ADA or FERPA, such claims are barred by the Eleventh Amendment and will be dismissed.

With respect to Section 504 of the Rehabilitation Act and Title VI, however, there is a clear statutory waiver of immunity. 42 U.S.C. §2000d-7, in pertinent part provides that, "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of

---

[8] Further, under current law, neither the State nor its Education Department is considered a "person" subject to suit under §1983. *Will, supra* at 71; *Gaby* v. *Board of Trustees of Community Technical Colleges.* 348 F.3d 62, 63 (2d Cir. 2003).

[9] *But see Henrietta D.* v. *Bloomberg,* 331 F.3d 261, 288 (2d Cir. 2003)(opining that a footnote in the Supreme Court's ruling in *Garrett* would allow a suit for injunctive relief – not sought by plaintiffs herein — by a private individual against a state and would not be barred by the Eleventh Amendment); *see also Powell* v. *National Bd. of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)(monetary relief is not available to private individuals under the ADA).

[10] Plaintiffs' FERPA claim would also be barred because there is no private right of action under FERPA. *Gonzaga University* v. *Doe,* 537 U.S. 273 (2002).

section 504 of the Rehabilitation Act of 1973, \*\*\*[or] Title VI of the Civil Rights Act of 1964 \*\*\*" and the remedies available for violation of such are the same as are available in a suit against any other public or private entity. 42 U.S.C. §2000d-7(1) and (2); *see also Lane* v. *Pena*, 518 U.S. 187, 198 (1996).

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.§2000d.  Section 504, provides that "[n]o otherwise qualified individual with a disability in the United States \*\*\* shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance\*\*\*". 29 , U.S.C.A. §794(a). With respect to remedies available to plaintiffs when Section 504 is violated, the statute provides that "[t]he remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C.A. §2000d et seq.] shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance"  29 U.S.C.A. §794a(2).[11]  In other words, "[b]ecause the remedy provision of §504 refers to Title VI, the first step is to look at what remedies are available under Title VI." *Cortes* v. *Board of Governors*, 766 F. Supp. 623, 624 (N.D.

---

[11]This makes sense, inasmuch as "Section 504 was patterned after, and is almost identical to, the anti-discrimination language of section 601 of the Civil Rights Act of 1964, 42 U.S.C. 2000d-1 (relating to race, color, or national origin), and section 901 of the Education Amendments of 1972, 42 U.S.C. 1683 (relating to sex)." Sen. Rep. No. 93-1297, 93rd Cong., 2d Sess. 4, reprinted in (1974) U.S. Code Cong. & Admin. News, pp. 6373, 6390-91.

Ill. 1991). The remedies available under Title VI, include compensatory damages and injunctive relief only and clearly prohibit punitive damage awards. *Barnes v. Gorman*, 536 U.S. 181, 187 - 189 (2002). This damages rule has also been expressly applied to suits brought under §504. *Ibid*. Therefore, to the extent that plaintiffs attempt to interpose claims against the Education Department for violations of Title VI and §504 and to the extent that these claims seek only compensatory damages (injunctive relief is moot, as Harry has graduated), they will be allowed.

Lastly, to the extent that the IDEA claim is asserted against the Education Department, and the Eleventh Amendment does not bar its pursuit, it is nevertheless untimely. See, 20 U.S.C.§§ 1415(i)(2)(A), 1415(i)(2)(B); N.Y.C.P.L.R. 217(1); *Worthington* v. *Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). The Court agrees with defendant's argument that, under the most generous interpretation of 42 U.S.C.§1415(i)(2)(B), the last possible date for plaintiff to file suit against this defendant in this regard would have been in December 2006 and plaintiffs, having not filed until March 2007 the Amended Complaint which added the Education Department as a defendant herein, such is therefore untimely and will be dismissed.

*b. The Motion for a More Definite Statement*

In the alternative and with respect to any claims not dismissed, the Education Department seeks a more definite statement of plaintiffs' claims against it and requests the Court to issue an Order requiring plaintiffs to file a

Second Amended Complaint which complies with the requirements of FRCvP 8 and 10.  As to the Title VI and §504 claims which the Court has found are not subject to the Eleventh Amendment, it finds that the Amended Complaint does not adequately put the defendant Education Department on notice as to whether such claims are interposed against it.

Upon review of the Amended Complaint, the Court agrees that it is unduly lengthy (and rambling at times), difficult to decipher and it is not clear which cause of action is asserted against which named defendant.  It is liberally construed from the Amended Complaint's opening salvo that plaintiffs have alleged violations of §1983, Title VI of the Civil Rights Act, the IDEA, the Rehabilitation Act, FERPA and the ADA, but the Court cannot construe which of these claims are brought on behalf of which plaintiff or which is brought against which defendant. Even with additional consideration given to Ms. Hayes as a *pro se* plaintiff, the Court finds that the Amended Complaint herein does not comply with the requirements of FRCvP 8 and 10.  Further, the Amended Complaint merely asks for a random monetary figure as damages.  As stated above, because only compensatory damages are allowable in the Title VI and §504 claims, plaintiffs must describe the expenditures for which they claim they are entitled to reimbursement compensation.  The Court, therefore finds that the Amended Complaint does not comply with FRCvP 8 and 10.  The remedy to cure this deficit shall be addressed, *infra,* as the Court attempts to fashion a global solution to the myriad of problems and issues presented by the parties in this case.

*The District's Motion*

The District's initial grounds for its motion include a request for dismissal: (1) because the well-established rule in the Second Circuit is that a non-attorney parent cannot pursue an action *pro se* on behalf of his/her child; (2) because, by filing this action, plaintiffs attempt to amend the operative Complaint in case #06-CV-0528E(Sr) (hereinafter the "companion case") without leave of Court in violation of FRCvP 15.  In the alternative, the District seeks an Order consolidating this case with the companion case pursuant to FRCvP 42(a); (3) because the Amended Complaint fails to contain a short and concise statement of the claims as required by FRCvP 8.

With respect to these initial grounds, the Court has already held that the Amended Complaint does not comply with FRCvP 8 and 10 with respect to defendant Education Department.  For the same reasons, the Court holds the same with respect to the defendant District.

With respect to Ms. Hayes' ability to represent her son, *pro se,* the parties are well aware that the Court has held (in the companion case[12]) that Ms. Hayes is not permitted to represent her son *pro se* in federal court.  There is no reason why the same law and principles of that holding would not also apply to the

---

[12]In the companion case, Ms. Hayes' name is reflected as "Barbara Yvonne Hayes" (06-CV-0528E(Sr)) and in the instant case, her name is reflected as "BarBara Yvonne Hayes".  This inconsistency is apparently due to Ms. Hayes' inclination to write in mostly capital letters and is, in any event inconsequential, as it is clear that they are one and the same person.

present case. However, rather than dismissing the Amended Complaint [13] on this ground, the Court appoints attorney Albert Grande to represent Harry and, without further comment, relies on its findings on this subject made in the aforementioned previous Orders in the companion case. (See case no. 06-CV-0528E(Sr) at Dkt. ##18 and 26).

With respect to the District's argument that this case is an improper attempt to amend the complaint in the companion case, which is truly the operative complaint herein, the Court agrees. The Amended Complaint herein contains allegations against the defendant District nearly identical to those in the aforementioned companion case. As such, it constitutes an improper attempt to amend the complaint in the companion case without leave of court, in violation of FRCvP 15. These two cases clearly contain nearly identical allegations with respect to the defendant District, constituting common questions of law and fact, and the Court hereby finds that consolidation would promote efficiency and prevent inconsistent results. *See* FRCvP 42(a).

*The Remedy*

In addition to the appointment of Mr. Grande, the Court fashions the following remedy to address the problems relating to the violations of FRCvP 8, 10 and 15 in case no. 06-CV-0770E(Sr). This case shall be consolidated with the companion case and plaintiffs shall be ordered to file a consolidated second

---

[13]Or, more accurately, the law would only require the dismissal of Harry Hayes' claims.

amended complaint which incorporates the colorable claims in both cases, is consistent with the findings and holdings in this Memorandum and Order and which complies with FRCvP 8 and 10.[14]

The Court acknowledges that the District's motion also seeks dismissal pursuant to FRCvP 12(b)(1) and (6) and several other grounds. In light of the consolidation of the cases, the fact that legal representation for Harry is now in place in both and that the plaintiffs will be further amending the complaint, the Court will deny the motion without prejudice at this time. However, in fashioning this consolidated complaint, Ms. Hayes (only with regard to any claims she brings on behalf of herself) and Mr. Grande (with regard to claims brought on behalf of Harry) are advised to consider the issues raised and arguments made by the defendant District regarding these remaining grounds for dismissal. Upon the filing of the consolidated amended complaint, the parties will be afforded an opportunity to file further dispositive motions.

*Newly Filed Motions*

While the above motions were being considered by the Court, Ms. Hayes filed several additional motions in both cases.

Ms. Hayes has filed additional Motions to Further Amend the Amended Complaints (Dkt. #27 in 06-CV-0528E(Sr) and Dkt. #26 in 06-CV-0770E(Sr)). In light of the fact that the Court is ordering consolidation and further amendment

---

[14]The Court notes that a motion to amend the complaint in the companion case is currently pending and the remedy fashioned herein will moot that motion.

of the complaint *in accordance with the terms of this opinion*, these motions are moot and shall be denied.

Ms. Hayes has also filed identical motions seeking my recusal (Dkt. #25 in 06-CV-0528E(Sr) and Dkt. #21 in 06-CV-0770E(Sr)) on the basis of a purported delay in deciding pending motions and an apparent perception that the Court is showing a preference for defendants because some of defendants' motions have ostensibly been decided ahead of plaintiffs' motions.  These are essentially disqualification motions on the ground of alleged bias or lack of impartiality.

28 U.S.C. § 455(a) provides the standards for disqualification of a judge in any proceeding in which his or her impartiality might reasonably be questioned. In determining whether a judge should be disqualified under 28 U.S.C.A. § 455(a), a reasonable-person standard is applied to determine whether the judge's impartiality is properly questioned. *Sao Paulo State of Federative Republic of Brazil* v. *American Tobacco Co., Inc.*, 535 U.S. 229 (2002)  The inquiry must be made from the perspective of a reasonable observer from outside of the judicial system [*see United States* v. *DeTemple*, 162 F.3d 279 (4th Cir. 1998)] who is informed of all the surrounding facts and circumstances.  *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913 (2004) (per Justice Scalia, as single Justice).  At the same time, this outside observer is not a hypersensitive or cynical person [*see Sensley* v*. Albritton*, 385 F.3d 591 (5th Cir. 2004)] or a person unduly suspicious or concerned about a trivial risk that a judge may be biased [*see DeTemple, supra*]. Thus, rumor, speculation, and opinions are not sufficient bases

for recusal or disqualification. *See Hoffman* v. *Caterpillar, Inc.*, 368 F.3d 709 (7th Cir. 2004). In sum, the statute requires judicial recusal if such a reasonable person, knowing all the facts and circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case or would harbor doubts about the judge's impartiality. *See Sao Paulo, supra; United States* v. *Lauersen,* 348 F.3d 329 (2d Cir. 2003), *as amended, and adhered to on reh'g,* 362 F.3d 160 (2d Cir. 2004), *cert. denied*, 124 S. Ct. 2190 (2004); *In re McCarthey*, 368 F.3d 1266 (10th Cir. 2004). Further, the statute does not require recusal every time a judge commits a procedural error or departs from protocol in some way. *In re Little Rock School Dist.,* 833 F.2d 112 (8th Cir. 1987), *opinion supplemented on other grounds,* 839 F.2d 1296 (8th Cir. 1988).

The instant recusal motions are very brief and, other than alleging what has already been described above, contain no support in law or fact. The motions seem based on nothing more than opinion, suspicion and speculation on the part of Ms. Hayes alone. Nevertheless, the Court has reviewed the docket and record in both cases and finds that the motions demonstrate nothing more than a fundamental misunderstanding of the judicial system in that motions are not necessarily decided in the order in which they are filed. This clearly does not provide a proper basis for recusal and therefore the motions are denied in both cases.

## **CONCLUSION**

For the above reasons, it is hereby **ORDERED** as follows:

(A) that the State Education Department's Motion for a more Definite Statement (Dkt. #8) is granted with respect to any Tile VI or §504 claims that may be filed against it and its Motion to Dismiss (also contained in Dkt. #8) is GRANTED in part in that any claims filed against it pursuant to §1983, the ADA, FERPA and the IDEA are DISMISSED;

(B) that the Williamsville School District's Motion to Dismiss (Dkt. #7) is DENIED without prejudice;

(C) that case 06-CV-0770E(Sr) be consolidated with 06-CV-0528E(Sr) and all further litigation herein shall be referenced under 06-CV-0528E(Sr), that the caption in 06-CV-0528E(Sr) be amended to reflect the consolidation, that the Clerk of the Court is to file this Memorandum and Order in both case numbers 06-CV-0528E(Sr) and 06-CV-0770E(Sr) and to thereafter take steps to close the docket in case number 06-CV-0770E(Sr);

(D) that Albert Grande is appointed to represent Harry Hayes with respect to this newly consolidated case;

(E) that plaintiffs file a second amended complaint, as directed and as is consistent with the above findings and holdings, by September 7, 2007 and defendant District shall have until October 5, 2007 to answer or move against such;

(F) that, in light of the above orders consolidating and directing further amendment, plaintiffs' Motions to Amend and for an Explanation made in case number 06-CV-0528E(Sr) (Dkt. ##14 and 24 respectively) are DENIED as moot;

(G) that plaintiffs' Recusal Motions in both cases (Dkt. #25 in 06-CV-0528E(Sr) and Dkt. #21 in 06-CV-0770E(Sr)) are DENIED;

(H) that plaintiffs' Motions to Further Amend the Amended Complaints in both cases (Dkt. #27 in 06-CV-0528E(Sr) and Dkt. #26 in 06-CV-0770E(Sr)) are DENIED in light of the fact that the Court has ordered the amendment in the consolidated case.

DATED:   Buffalo, N.Y.

   August 10, 2007

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.