UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA YVONNE HAYES and BARBARA
YVONNE HAYES on behalf of her son
HARRY HAYES,

                Plaintiffs,

    v.                                          **DECISION AND ORDER**

WILLIAMSVILLE CENTRAL SCHOOL DISTRICT,        06-CV-528S
NEW YORK STATE EDUCATION DEPARTMENT,
and UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES OFFICE FOR
CIVIL RIGHTS REGION II,

                Defendants.

1.      Plaintiffs commenced this action against the Williamsville Central School District on August 7, 2006, and filed an Amended Complaint on August 10, 2006. The action was reassigned to the undersigned on October 17, 2007, when the originally assigned Senior District Judge, Honorable John T. Elfvin, elected to take inactive status. The case was automatically referred to the Court's Alternative Dispute Resolution ("ADR") program, as would have occurred had the case been assigned to the undersigned when filed. Presently before the Court are Defendant Williamsville School District's Motion to Opt Out of ADR (Docket No. 49), Plaintiffs' Motion to Opt Out of ADR (Docket No. 50), and Plaintiff's Motion to Strike Defendant's Reply/Response relating to the Opt Out motions (Docket No. 54).

2.      Some history on this case is instructive. On October 23, 2006, Judge Elfvin directed that the parties appear for a Rule 16(b) Scheduling Conference on November 15, 2006. The conference that actually took place focused on the representation of Harry Hayes, and

1

no case scheduling order was issued at that time or at any subsequent time.

3. On November 27, 2006, Plaintiffs filed a related action, 06-CV-770, asserting nearly identical allegations against the Williamsville Central School District and adding two new defendants. By Memorandum and Order dated August 10, 2007, Judge Elfvin consolidated 06-CV-770 with 06-CV-528, appointed an attorney to represent Harry Hayes, and directed that appointed counsel and Barbara Yvonne Hayes together file a Second Amended Complaint by September 7, 2007.

4. Just weeks after his appointment, on August 27, 2007, the assigned attorney moved to withdraw and also moved to extend the time to file the Second Amended Complaint in light of the motion to withdraw. These motions remain pending. Thus, there is no operative pleading in this case, no responses by way of answer or motion to an operative pleading, and no case scheduling order.

5. This case is not typical in that it was referred to mediation automatically—rather than by a case-specific Court order—but the automatic referral occurred well after the case filing. Nevertheless, the ADR Plan provisions relating to automatically referred cases apply here. Pursuant to Section 2.2(B) of the Court's ADR Plan, motions to opt out of ADR are to made within 10 days <u>after</u> the first Local Rule 16.1 discovery conference. Local Rule 16.1 provides that such a conference must result in the issuance of a case scheduling order. No such conference has actually occurred in this action. Therefore, the Motions to Opt Out are premature. So too is Defendant Williamsville Central School District's alternative request for a stay. The District seeks to stay mediation until all defendants have responded to the not-yet-filed Second Amended Complaint. Under Sections 4.2(A) and 4.3(A) of the Court's ADR Plan, mediation does not take place until issue is joined and a

scheduling conference—*i.e.*, one that results in a scheduling order—occurs. In short, there are no mediation deadlines to stay at this point. Accordingly, this Court will deny both Defendant Williamsville Central School District's and Plaintiffs' Motions to Opt Out as premature.

6.	Should this Defendant or the Plaintiffs be inclined to renew their motions following the issuance of a scheduling order, they are advised that the reasons they have given why mediation has no reasonable chance of being successful likely will not be sufficient to meet the Court's high threshold for "good cause." Defendant District points to Plaintiff Barbara Yvonne Hayes's desire to attend a Court conference in person rather than telephonically, her motion seeking Judge Elfvin's recusal, and her letters to the Court Clerk expressing concern that she is not being mailed all documents in this case. Plaintiffs contend that they have no confidence that Defendant District will be forthright and state that all defendants have "continuously demonstrated that they have no respect for any rights of plaintiffs." A party's disapproval of an opponent's adversarial tactics and/or an unflagging belief in the merits of one's claims or defenses is not sufficient to demonstrate that there is no reasonable chance for progress in mediation. To the extent Plaintiffs believe that participation in mediation will deprive them of their right to a jury trial, that belief is incorrect.

7.	Plaintiff seeks to strike Defendant District's Reply/Response on the ground that it is untimely. No schedule was set for briefing the parties' Opt Out motions and Defendant's response, filed three days after Plaintiff filed her motion, is not untimely. The deadlines Plaintiff refers to relate to an entirely different motion.

IT HEREBY IS ORDERED that Defendant Williamsville Central School District's Motion to Opt Out of ADR (Docket No. 49) is premature and is DENIED without prejudice.

FURTHER that Plaintiffs' Motion to Opt Out of ADR (Docket No. 50) is premature and is DENIED without prejudice.

FURTHER that Plaintiff's Motion to Strike (Docket No. 54) is without merit and is DENIED.

SO ORDERED.

Dated:　　November 9, 2007
　　　　　　Buffalo, New York

　　　　　　　　　　　　　　　　　　　　　　　／s/William M. Skretny
　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. SKRETNY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge