UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA YVONNE HAYES,

                Plaintiff,

v.                                **DECISION AND ORDER**
                                    06-CV-528S

PEOPLE, INC.,

                Defendant.

      Plaintiff has notified the Court that she wishes to voluntarily withdraw this action pursuant Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Docket No. 178.)[1]

      Rule 41(a)(2) provides in pertinent part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A decision to grant dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. United States v. Cathcart, 291 Fed. Appx. 360, 361 (2d Cir. 2008). A dismissal pursuant to Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

      The Second Circuit has held that "such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006) (quoting Cone v. W. Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947)); see also The GAP, Inc. v. Stone Int'l Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ( "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."); Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir.1990) (citations omitted) (listing factors relevant to consideration of a

---

[1] This Court notes that Plaintiff's motion papers are erroneously dated April 13, 2012. The actual date of the filing was March 13, 2012.

motion to dismiss without prejudice).

Here, Defendant answered Plaintiff's Amended Complaint and did not assert counterclaims against Plaintiff. Despite that this action has been pending for several years, discovery has not fully commenced and trial preparation has not begun. Thus, Plaintiff's case against People, Inc. is still in its early stages.

Further, Plaintiff's motion suggests that health problems prevent her from pursuing her claims against People, Inc. (Docket No. 178 at 3.) Her explanation for her need to dismiss is therefore reasonable.

Finally, People, Inc. has indicated no opposition to Plaintiff's request for withdrawal of her claims against it. In sum, this Court does not find that the Defendant will suffer substantial prejudice as a result of a voluntary dismissal pursuant to Rule 41(a)(2).

For these reasons Plaintiff's Motion for Voluntary Dismissal (Docket No. 178) is granted. This action is hereby dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) with respect to People, Inc. The Clerk of the Court is directed to the take steps to close this case.

Dated:   March 17, 2012
         Buffalo, New York

                                                            s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                             Chief Judge
                                               United States District Court